**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CUSTOM ACCESSORIES INC., )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>PREMIER ACCESSORY GROUP, LLC, )<br>)<br>Defendant. )<br>)<br>) | Civil Case No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**

Plaintiff Custom Accessories Inc. (hereinafter "Custom Accessories"), for its complaint against Defendant Premier Accessory Group, LLC (hereinafter "Premier"), hereby alleges, upon personal knowledge as to itself and on information and belief as to all other matters, as follows:

**Nature of Action**

1. This action arises as a result of Premier's infringement of United States Design Patent No. D709,891 (hereinafter "'891 patent"), attached as Exhibit A, and United States Design Patent No. D717,305 (hereinafter "'305 patent"), attached as Exhibit B (collectively, "the USB Adapter patents"), in violation of the Patent Act of the United States. Custom Accessories seeks damages for Premier's infringement and other wrongful conduct, enhancement of damages due to Premier's willful and knowing infringement actions, reasonable attorney's fees and costs, a permanent injunction barring Premier from further infringement actions, and other appropriate relief.

**The Parties**

2. Custom Accessories Inc. is an Illinois corporation organized and existing under the laws of Illinois, with its principal place of business at 5900 Ami Drive, Richmond, Illinois 60071.

3. Premier Accessory Group, LLC, is a limited liability company organized and existing under the laws of the State of New Jersey, having a principal place of business at 305 Clearview Avenue, Edison, New Jersey, 08837.

**Jurisdiction and Venue**

4. This is an action for design patent infringement arising under the Patent Act, 35 U.S.C. § 101 *et seq*. The Court has subject matter jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (action arising under the Patent Act).

5. The Court has personal jurisdiction over Premier for one or more of the following reasons:

   A. The exercise of personal jurisdiction over Premier by this Court is consistent with the Federal Due Process Clause, Premier having established minimum contacts with this forum such that the exercise of jurisdiction over Premier would not offend traditional notions of fair play and substantial justice;

   B. Premier has done and continues to do business in the State of Illinois and with one or more residents of the State of Illinois, including in this District;

   C. Premier directs into the State of Illinois, including in this District, commerce, goods and services, and advertising including by mail, electronic communications, and other means;

    D.  Premier has entered into contracts with one or more residents of the State of Illinois to supply products or services within the State of Illinois, including in this District;

    E.  Premier has offered, and continues to offer, products constituting patent infringement relating to this complaint in the State of Illinois;

    F.  Premier has made substantial sales and shipments of infringing goods within the State of Illinois, including this District; and

    G.  Premier maintains warranty services, such as those referenced at its website, [www.premieraccessorygroup.com](http://www.premieraccessorygroup.com), on infringing products within the State of Illinois, including in this District;

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Premier has transacted and continues to transact business within the District, has sold and continues to offer for sale in this District products that constitute infringement, and has sold and continues to offer for sale services and products within this District that constitute unfair and deceptive trade practices which are a substantial part of the events giving rise to this action. In addition, venue is proper because Custom Accessories' principal place of business is in this District, and Custom Accessories has suffered and is suffering harm in this District.

## Background

7.    Custom Accessories is a world leader in the Automotive Aftermarket Accessory marketplace. For more than forty years, Custom Accessories has provided its customers with a wide variety of quality products and services. Custom Accessories develops and distributes its products for various markets, such as interior car accessories, exterior car accessories, car organization, battery care, sunshades, and many other car care categories.

8. On July 29, 2014, United States Design Patent No. D709,891 ("the '891 patent") was duly and legally issued by the United States Patent and Trademark Office. The '891 patent has remained in force since that time and continues to be in force. On November 11, 2014, United States Design Patent No. D717,305 ("the '305 patent") was duly and legally issued by the United States Patent and Trademark Office. The '305 patent has remained in force since that time and continues to be in force.

9. Custom Accessories Inc. is the sole owner of both the '891 and '305 patents with all substantial rights in and to the '891 and '305 patents, including the right to bring this action for any past or present infringement of the '891 and '305 patents, collect past and present damages and obtain injunctions. Custom Accessories, Inc. is the named assignee on the face of the '891 patent, having become owner of the '891 patent, and all continuations, including the '305 patent, through an assignment from the inventors dated May 8, 2013, which was recorded at the United States Patent and Trademark Office on May 10, 2013, at reel and frame number 030396/0247.

10. Each of the '891 and '305 patents covers ornamental designs for folding electrical adapters. Custom Accessories has practiced and continues to practice the designs covered by the '891 and '305 patents in connection with the commercialization of its 12V Adjustable Dual USB Charger products ("Custom Adapter"), as shown for example in the side-by-side comparisons below:



| '891 Patent | Custom Accessories 12V Adjustable Dual USB Charger |
|---|---|
| '305 Patent | |

11. Custom Accessories has promoted, advertised, and used the folding USB adapter designs of the '891 and '305 patents and the Custom Adapter product in a variety of media throughout the United States, including but not limited to, product labeling and packaging, brochures, point of purchase display materials, signage, trade magazine advertisements, trade show displays and on the web to distinguish its products and services from those offered by others.

12. Custom Accessories marks the packaging of the Custom Adapter with patent notice information, as provided under 35 U.S.C. § 287.

13. The Custom Adapter products have been commercially successful with their distinctive design, providing differentiation to other competitors' adapter designs, and by being associated with Custom Accessories as a distinctive and proprietary Custom Accessories adapter design.

14. As a result of Custom Accessories' substantial promotional efforts, as well as the high quality of the products associated with the adapter designs of the '891 and '305 patents and the Custom Adapter line of products, such distinctive adapter design has earned valuable and residual goodwill and reputation for Custom Accessories being the sole source for such goods in the United States.

## Premier's Infringement

15. Premier began manufacturing and selling a Dual USB Car Charger with Swivel Tip folding USB adapter ("Premier Adapter") in competition with Custom Accessories at least as early as June of 2014. The Premier Adapter has been offered for sale at least in the following locations in this district: AutoZone, 2743 Hartigan Road, Fox Lake, Illinois 60020; Advance Auto Parts, 1770 N. Rand Road, Palatine, Illinois 60074.

16. Premier copied the Premier Adapter design from the design of both the '891 and '305 patents and the Custom Adapter line of folding adapters.

17. The design of the Premier Adapter is the same or substantially the same as the folding USB adapter design of both the '891 and '305 patents and the Custom Adapter. The folding USB adapter designs are so similar as to be nearly identical such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase Premier's products

believing them to be substantially the same as the folding USB adapter designs protected by the '891 and '305 patents.

18. In spite of the rights of Custom Accessories, Premier willfully and knowingly infringed Custom Accessories' rights, including as to the '891 and '305 patents.

19. Custom Accessories has been damaged jointly and severally by the foregoing infringing acts of Premier, including, without limitation, suffering actual damages.

20. Premier's wrongful conduct and infringement activities will continue unless enjoined by this Court.

**Count I**
**(Infringement of United Stated Design Patent No. D709,891)**

21. Premier incorporates by reference the allegations contained in paragraphs 1-20 above.

22. Premier has infringed and continues to infringe the '891 patent by, *inter alia*, making, using, offering to sell, or selling in the United States, including in the State of Illinois and within this District, products infringing the ornamental design covered by the '891 patent in violation of 35 U.S.C. § 271, including but not limited to the Premier Adapter product.

23. Premier infringes the '891 patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the adapter design of the '891 patent and the adapter designs of Premier's products including without limitation the adapter designs of the Premier Adapter products are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to the other. Below is a side-by-side comparison of the claimed subject matter of the '891 patent and the Premier Adapter:

7

| '891 Patent | Premier Dual USB Car Charger with Swivel Tip |
|---|---|
|  | |

24. Premier's acts of infringement of the '891 patent were undertaken without authority, permission or license from Custom Accessories. Premier's infringing activities violate 35 U.S.C. § 271.

25. Premier's infringement has damaged and continues to damage and injure Custom Accessories. The injury to Custom Accessories is irreparable and will continue unless and until Premier is enjoined from further infringement.

26. Custom Accessories is entitled to a complete accounting of all revenue and profits derived by Premier, jointly and severally, from the unlawful conduct alleged herein, including without limitation, Premier's total profit pursuant 35 U.S.C. § 289.

27. Premier has engaged and is engaged in willful and deliberate infringement of the '891 patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

28. Custom Accessories is entitled to a permanent injunction preventing Premier from further infringing the '891 patent.

**Count II**
**(Infringement of United Stated Design Patent No. D707,305)**

29. Premier incorporates by reference the allegations contained in paragraphs 1-28 above.

30. Premier has infringed and continues to infringe the '305 patent by, *inter alia*, making, using, offering to sell, or selling in the United States, including in the State of Illinois and within this District, products infringing the ornamental design covered by the '305 patent in violation of 35 U.S.C. § 271, including but not limited to the Premier Adapter product.

31. Premier infringes the '305 patent because, *inter alia*, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the adapter design of the '305 patent and the adapter designs of Premier's products including without limitation the adapter designs of the Premier Adapter products are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to the other. Below is a side-by-side comparison of the claimed subject matter of the '305 patent and the Dual USB Car Charger with Swivel Tip folding USB adapter sold by Premier:

| '305 Patent | Premier Dual USB Car Charger with Swivel Tip |
|---|---|
| | |

32. Premier's acts of infringement of the '305 patent were undertaken without authority, permission or license from Custom Accessories. Premier's infringing activities violate 35 U.S.C. § 271.

33. Premier's infringement has damaged and continues to damage and injure Custom Accessories. The injury to Custom Accessories is irreparable and will continue unless and until Premier is enjoined from further infringement.

34. Custom Accessories is entitled to a complete accounting of all revenue and profits derived by Premier, jointly and severally, from the unlawful conduct alleged herein, including without limitation, Premier's total profit pursuant 35 U.S.C. § 289.

35. Premier has engaged and is engaged in willful and deliberate infringement of the '305 patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. § 285.

36. Custom Accessories is entitled to a permanent injunction preventing Premier from further infringing the '305 patent.

## **Prayer for Relief**

WHEREFORE, Plaintiff, Custom Accessories, prays for the following relief:

A. A judgment entered in favor of Custom Accessories on its claim that Premier has infringed the '891 patent;

B. A judgment entered in favor of Custom Accessories on its claim that Premier has infringed the '305 patent;

  C. A permanent injunction enjoining Premier, its respective officers, directors, agents, and employees and all those in concert or participation with it who receive notice of judgment by personal service or otherwise, from:

  (1) making, importing, using, selling, and offering to sell infringing products practicing the '891 patent and from otherwise infringing, and actively inducing infringement of the '891 patent; and

  (2) making, importing, using, selling, and offering to sell infringing products practicing the '305 patent and from otherwise infringing, and actively inducing infringement of the '305 patent;

  D. A judgment and order that Premier deliver to Custom Accessories for destruction all product molds, products, sales literature, custom literature, and other trade pieces used in the infringement of either the '891 patent or the '305 patent;

  E. A judgment and order that Premier make an accounting to Custom Accessories and jointly and severally pay over to Custom Accessories:

  (1) the extent of Premier's total profit and revenue realized and derived from its infringement of the '891 patent, and actual damages to Custom Accessories in an amount not less than a reasonable royalty for Premier's infringement;

  (2) the extent of Premier's total profit and revenue realized and derived from its infringement of the '305 patent, and actual damages to Custom Accessories in an amount not less than a reasonable royalty for Premier's infringement; and

  (3) treble damages in accordance pursuant to 35 U.S.C. § 284 for Premier's willful and deliberate infringement, and as permitted under other applicable laws;

F.   An award of costs of this action together with Custom Accessories' reasonable attorney's fees pursuant to 35 U.S.C. § 285 for this case being exceptional, and as permitted under other applicable laws;

G.   An award of interest, including prejudgment interest, on all damages; and

H.   An award to Custom Accessories of such further relief as the Court deems just and proper.

## **Demand for Trial by Jury**

Custom Accessories hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: November 25, 2014

*Plaintiff Custom Accessories Inc.*

By: _____/s/ Elias P. Soupos_____

Gregory C. Bays
Elias P. Soupos
Jonathan B. Thielbar
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
180 North Stetson Avenue
Chicago, Illinois 60601
(312) 616-5600
(312) 616-5700 – fax

*ATTORNEYS FOR PLAINTIFF*